**Frank A. CARUSO, Plaintiff–Appellant,**

v.

**SIEMENS BUSINESS SYSTS., INC., Defendant–Appellee.**

Docket No. 02–7645.

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Jonathan L. Gould, Hartford, Ct., for Appellant.

Alan D. Berkowitz, Dechert Price & Rhoads, Philadelphia, PA., for Appellees.

Present: WINTER, LEVAL, and CABRANES, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED and REMANDED.**

In this case, we are asked to consider whether (i) the District Court erred in granting summary judgment to the defendant based in large part on the inadequacy of the plaintiff's statement of disputed issues of fact contained in the plaintiff's Local Rule of Civil Procedure 9(c)(2) Statement ("9(c)(2) Statement"), and (ii) whether the District Court, in interpreting and applying the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. § 46a–51(15), used an incorrect definition of "disability" under that statute.

It is clear that the District Court erred in its interpretation of Conn. Gen.Stat. § 46a–51(15) by substituting the statute's requirement that an impairment be "chronic" with the requirement that it be "chronic and permanent."

Conn. Gen.Stat. § 46a–51(15) defines a person to be "physically disabled" if he or she suffers from "any chronic physical

handicap, infirmity or impairment, whether congenital or resulting form bodily injury, organic processes or changes from illness." The District Court, however, stated repeatedly in its opinion that, to qualify as disabled under the CFEPA, the plaintiff must suffer from a "handicap, infirmity or impairment" that is "chronic *and permanent.*" (emphasis supplied).

"Chronic" and "chronic and permanent" constitute significantly different standards. The Connecticut Superior Court has defined "chronic" to mean "of long duration, or characterized by slowly progressive symptoms ... distinguished from acute." *Shaw v. Greenwich Anesthesiology Associates, P.C.,* 137 F.Supp.2d 48, 65 (D.Conn. 2001) (citing *Gilman Bros. v. Conn. Comm'n on Human Rights & Opportunities,* CV 950536075, 1997 WL 275578, at *4 (Conn.Super.Ct. May 13, 1997)). This is consistent with the dictionary definition of "chronic," which provides: "Of diseases, etc.: Lasting a long time, long-continued, lingering, inveterate." * *Oxford English Dictionary* (2d ed.1989). "Permanent," by contrast, means "[c]ontinuing or designed to continue indefinitely without change," *id.,* or "not expected to change in status [or] condition," *The American Heritage Dictionary of the English Language* (4th ed.2000). An impairment, therefore, could be chronic ("long-continued, lingering") without being permanent ("designed to continue indefinitely without change" or "not expected to change in status [or] condition"). The requirement that an impairment be "chronic and permanent," as stated by the District Court, therefore would narrow the scope of the CFEPA from encompassing any impairment that may "last[ ] a long time" to encompass only those impairments that are "not expected to change."

There is support for the view that permanence *may* be a feature of a disability under the standard of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq. See, e.g., Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002) holding that a qualifying disability under the ADA may be "permanent *or* long-term" (emphasis supplied). However, the judges in the District of Connecticut and Connecticut state courts previously have rejected the view that the ADA standard is incorporated into CFEPA. *Shaw,* 137 F.Supp.2d at 65 (stating that "[t]o be 'disabled' under Connecticut law is different from being 'disabled' under the ADA"). Therefore, even were the ADA to require that an impairment be "permanent", if the District Court relied on the ADA in finding a permanence requirement in the CFEPA, that reliance on the federal statute was error.

For the above reasons, we vacate the judgment and remand the cause to the District Court. On remand, given the admissions of appellant's counsel at oral argument that his Local Rule 9(c) Statement could be improved by framing the factual issues more precisely, we direct the District Court to permit the parties to amend their Local Rule 9(c) statements to the extent that the parties deem appropriate in order to assist the District Court in applying the appropriate standard of liability.

---

* "Inveterate," for its part, also does not mean "permanent" or incurable. It means, "Of disease: Of long standing, chronic; hence, deep-seated and resisting treatment." *Id.*